IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            Plaintiff, )<br>vs. )<br> )<br>CAESAR DEMETRIUS NICKSON, )<br>            Defendant. )<br> ) | No. CR 98-00685-PHX-SMM<br>CIV-05-724-PHX-SMM (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On March 7, 2005, Caesar Demetrius Nickson, ("Movant"), presently confined in the Federal Correctional Institute-Victorville in Adelanto, California, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. #188). The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the Motion.

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Motion, as well as the files and records, do conclusively establish that Movant is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no hearing is required to rule on the present Motion.

**I.    PROCEDURAL BACKGROUND.**

Caesar Demetrius Nickson, ("Movant"), was indicted on October 7, 1998, for Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951; Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c); and

1  Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 2314 (Doc. #
2  3).  Movant proceeded to trial on the charges on November 4, 1999 (Doc. # 52).  After
3  a four-day trial, a mistrial was declared when the jury was unable to reach a verdict
4  (Doc. # 56).  After a second trail, on January 18, 2000, the jury reached a verdict of
5  guilty as charged in the indictment (Doc. # 89-92).  Pursuant to a motion to dismiss the
6  indictment and a motion for sanctions as a result of the Government's admitted *Giglio*
7  violation (Doc. # 108), Movant was granted a third trial by the District Court (Doc. #
8  119), and was again found guilty as charged on all three counts of the indictment (Doc.
9  # 136).

10  Movant was sentenced on July 25, 2000 to an 84 month term of imprisonment
11  each on Counts 1 an 3, to be served concurrently, and a 60 month term of imprisonment
12  on Count 2 to be served consecutively, followed by three years of supervised release.
13  Movant was also ordered to pay a special assessment of $300.00, a find of $1,000.00,
14  and restitution in the amount of &181,030.00 (Doc. # 154).

15  Movant filed a timely notice of appeal of his conviction and sentence (Doc. #
16  156).  The Ninth Circuit Court of Appeals subsequently affirmed his conviction and
17  sentence on December 13, 2001, in a memorandum opinion, and the mandate issued on
18  January 3, 2002 (Doc. # 187).

19  Movant next filed the present § 2255 action (Doc. # 188.)  He raises as a basis
20  for relief that his "sentence exceeds the legally permissible base offense level in
21  violation of the Fifth and Sixth Amendment," and was improperly based on facts not
22  submitted to a jury or admitted by movant, in reliance upon *Blakely v. Washington*, 124
23  S.Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

24  Movant also alleges specifically that sentencing enhancements imposed by the
25  District Court under U.S.S.G. §3C1.1 - obstruction of justice, U.S.S.G. §2B3.1(b)(7)(C)
26  - amount of loss, and U.S.S.G. §4A1.1(d) - instant offense committed while under any

27

28

- 2 -

criminal justice sentence, were sentencing factors which should have been submitted to a jury and proved beyond a reasonable doubt.

On March 30, 2005, the District Court called for an answer from the United States Attorney.  The order also referred the matter to Magistrate Judge Bernardo P. Velasco pursuant to LRCiv 72.1 and 72.2 for further proceedings and a report and recommendation.  Respondents filed a Response in Opposition on February 15, 2005. (Doc. # 192.)  Movant filed a Reply to Government's Response in Opposition on July 18, 2005.  (Doc. # 195)

**II.    DISCUSSION**

**A.    Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one year period of limitations from the date on which the judgement of conviction becomes final has been imposed on the filing of motions for collateral relief by prisoners in federal custody.  28 U.S.C. § 2255.

The one year period of limitations which Movant had to file his § 2255 motion began to on the date on which the judgment of conviction becomes final.  *U.S. v. Schwartz*, 274 F.3d 1220 (9th Cir. 2001).  This means that the limitations period here began to run upon the expiration of the time during which the defendant could have sought review by petition for writ of certiorari in the United States Supreme Court. *Schwartz*, 274 F.3d at 1223. Thus, the limitations period began to run ninety days after the judgment and conviction was affirmed on direct appeal, or on March 13, 2002. Movant's motion to vacate, filed nearly three years later, on March 7, 2005, is untimely and subject to dismissal unless relief in the form of equitable tolling is applicable in this case.

The Ninth Circuit has confirmed that the doctrine of equitable tolling applies to § 2255 cases.  *United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004).  Equitable tolling may   be   available   even   after   the   statute   of   limitations   period   has   expired   if

"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds *Calderon v. United States Dist. Ct.,* 163 F.3d 530 (9th Cir. 1998)(en banc).  The Ninth Circuit has noted that determinations of "whether there are grounds for equitable tolling are highly fact dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(*en banc*).

Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler*, 128 F.3d at 1288).  The threshold necessary to trigger equitable tolling under the AEDPA is very high. *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

There are no apparent tolling circumstances in this case.  Movant did file a reply to Respondent's answer, however, he did not present circumstances demonstrating equitable tolling.  Petitioner has not, at this time, sufficiently alleged that, due to circumstances beyond his control it was impossible to file a petition on time.

Movant asserts that his motion is timely, pursuant to 28 U.S.C. § 2255, paragraph 6(3), which states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>
> ...
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

28 U.S.C. § 2255(3).

1    Movant argues that the Supreme Court's decisions *Blakely v. Washington*, 124
2 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005) are all founded
3 on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and are clarifications of *Apprendi*, and
4 with each newly recognized clarification begins another tolling period of § 2255's 1-
5 year limitation period.  Therefore, Movant asserts, he is timely within ¶6(3) of § 2255.

6    The major flaw in Movant's argument, however, even if it were convincing, is
7 the condition in the second clause of ¶6(3); that the newly recognized right must be
8 made retroactively applicable to cases on collateral review.  Neither *Apprendi* nor
9 *Blakely* has been made retroactive on collateral review.  *See Sanchez-Cervantes*, 282
10 F.3d 664, 671 (9th Cir. 2002); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004);
11 *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005).

12    Accordingly, the Magistrate Judge recommends that the District Court dismiss
13 the motion as untimely.

**Recommendation**

15    It is the recommendation of this Court that the Movant's Motion to Vacate/Set
16 Aside Sentence (Document # 188) be DENIED.

17    Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written
18 objections within 10 days of being served with a copy of this Report and
19 Recommendation.  If objections are not timely filed, they may be deemed waived.  If
20 objections are filed, the parties should use the following case number: CR 98-00685-
21 PHX-SMM and  CV 05-0724-PHX-SMM.

22    DATED this 9th day of June, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 5 -