**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Caesar Demetrius Nickson,<br><br>　　　　Defendant.<br>_____ | No. CR 98-00685-PHX-SMM<br>　　CV 05-00724-PHX-SMM (BPV)<br><br>**ORDER** |

On June 9, 2006, Magistrate Judge Bernardo P. Velasco filed a Report and Recommendation advising this Court that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Motion") (Dkt. 188) should be dismissed and denied as untimely. (Dkt. 197.) On June 29, 2006, Defendant filed his Objection to the Magistrate's Report and Recommendation. (Dkt. 201.)

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

**DISCUSSION**

On May 19, 2000, Defendant was convicted of interference with commerce by threats or violence, use of a firearm during a crime of violence, and interstate transportation of stolen property. (Dkt. 136.) On July 25, 2000, Defendant was sentenced to an aggregate term of 144 months imprisonment. (Dkt. 154.) The Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence on December 31, 2001, and the mandate issued on January 3, 2002. (Dkt. 187.) More than three years later, on March 5, 2005, Defendant filed the instant Motion on the grounds that his sentence was improperly based on facts not submitted to the jury or admitted by him, in violation of the Fifth and Sixth Amendments, Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). (Dkt. 188.)

After reviewing the filings in this matter, the Magistrate Judge recommended that the Motion be denied as barred by the statute of limitations governing the filing of motions for collateral relief by prisoners in federal custody because there is no equitable basis for tolling the period of limitations. (Dkt. 197 at 3-4.) The Magistrate Judge further determined that the Motion was untimely under 28 U.S.C. § 2255, paragraph 6(3), because "[n]either Apprendi nor Blakely has been made retroactive on collateral review." (Id. at 5.)

Defendant's objection does not dispute the Magistrate Judge's determination that the Motion is barred by the statute of limitations governing the filing of petitions under 28 U.S.C. § 2255, nor does he contend that an equitable basis for tolling exists. Rather, Defendant argues that the Magistrate Judge misinterpreted paragraph 6(3) of Title 28 U.S.C. § 2255 because, in Dodd v. United States, 125 S. Ct. 2478 (2005), the Supreme Court held that that limitations period begins to run on the date on which the Supreme Court "initially recognized" the right asserted, not the date on which that right was made retroactive. (Dkt. 201 at 4-5.) Defendant's argument appears to be that the Magistrate Judge erroneously interpreted Dodd by holding that paragraph 6(3) did not apply because either Apprendi nor Blakely has been made retroactive on collateral review. This Court disagrees. In fact, Defendant has misinterpreted Dodd.

Defendant is correct that "[p]aragraph 6(3) identifies one date and one date only as the date from which the 1-year limitation period runs: 'the date on which the right asserted was

initially recognized by the Supreme Court.'" Dodd, 125 S. Ct. at 2482.  Defendant overlooks, however, that the second clause of paragraph 6(3) of section 2255 imposes a condition on the applicability of that subsection.  The second clause of paragraph 6(3) limits the application of that provision to "cases in which applicants are seeking to assert rights 'newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" Id.  As a result, paragraph 6(3)'s operative date – "the date on which the right asserted was initially recognized by the Supreme Court"– does not apply at all if the conditions in the second clause – the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"– have not been satisfied.  Id.

In the present case, Magistrate Judge Velasco correctly determined that the timing provision set forth in paragraph 6(3) does not apply here because "[n]either Apprendi nor Blakely has been made retroactive on collateral review."  See United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (holding that Booker does not apply retroactively in § 2255 proceedings where the conviction was already final when Booker was decided); United States v. Sanchez-Cervantes, 282 F.3d 664, 666-67 (9th Cir. 2002) (Apprendi does not apply retroactively to cases on collateral review).

**CONCLUSION**

For the reasons set forth,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of Magistrate Judge Bernardo P. Velasco.  (Dkt. 197.)

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.  The Clerk of Court shall terminate this action accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to all parties as well as to Magistrate Judge Bernardo P. Velasco.

DATED this 6th day of July, 2006.

Stephen M. McNamee
United States District Judge